[No. 26328. Department One. November 2, 1936.]

GLADYS VIRGINIA STEAD *et al., by Fred Munz, Guardian, Appellant, v.* THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*[1]

[1]Reported in 61 P. (2d) 1307.

*Harry Ellsworth Foster* and *Phil K. Eaton,* for appellant.

*The Attorney General, J. A. Kavaney,* and *Harry L. Parr, Assistants (V. D. Bradeson,* of counsel), for respondent.

MAIN, J.—This is an appeal from a judgment of the superior court affirming an order of the department of labor and industries disallowing a claim.

The facts are not in dispute, and, as found by the trial court, may be summarized as follows: Walter Stead died April 20, 1934, as the result of an injury sustained while engaged in extrahazardous employment. He left surviving him a widow and three minor children, and, subsequently, another child was born. Compensation as provided by law was allowed the widow and the three minor children mentioned, and upon the birth of the fourth child proper adjustments were made and compensation allowed for the widow and the four minor children. Subsequently, the widow remarried and placed the four children in the Lacey Farm Home, at the same time executing a relinquishment of all her rights, control, and custody of the children and consenting to their adoption.

Thereafter, Fred Munz was regularly appointed guardian for the children and qualified as such. The guardian then applied to the department of labor and industries for an increase of compensation from thirty dollars per month, which had been previously allowed for the four children, to the sum of seventy-five dollars per month, it being the position of the guardian that the fact of their mother's placing them in the home, relinquishing all her rights, control, and custody over them, and consenting to their adoption, caused the

children to come under a subdivision of the statute other than the one under which they had previously been compensated.

The case calls for the construction of three provisions in Rem. Rev. Stat., § 7679 [P. C. § 3472], which is one of the sections of the workmen's compensation act. Subdivision (a) (1) of this statute provides that, if the workman leaves a widow or invalid widower, certain compensation there specified shall be made to the surviving spouse, and such surviving spouse

" . . . shall also receive per month for each child of the deceased under the age of sixteen years at the time any monthly payment is due the following payments: For the youngest or only child twelve dollars and fifty cents ($12.50), for the next or second youngest child seven dollars and fifty cents ($7.50), and for each additional child five dollars ($5.00): . . . "

It was under this subdivision that compensation was made for the children prior to the time that they were placed in the home and the mother had relinquished her custody and control over them and authorized their adoption. It appears to be conceded that, up to that time, compensation for the children was properly made under subd. (a) (1), a part of which is quoted.

In subd. (a) (2), it is provided that, if the workman leave

" . . . no wife or husband, but an orphan child or children under the age of sixteen years, a monthly payment of twenty-five dollars ($25.00) shall be made to each such child until such child shall reach the age of sixteen years, but the total monthly payment shall not exceed seventy-five dollars ($75.00) and any deficit shall be deducted proportionately among the beneficiaries."

Whether the children, after being placed in the home, were entitled to compensation under this subdivision

depends upon whether they were orphan children within the contemplation of the statute. We are not here concerned with the rule as to when a child or children will be classified as an orphan or orphans, and the courts have not always been in accord upon this question. The question here presented is whether the children come under this subdivision of the statute. It is provided that, if the workman leave no "wife or husband" but an orphan child or children, the monthly payments for the children shall be as therein provided. In this case, when the husband died as a result of injury, he left a wife, and, consequently, the children could not be regarded as orphans under this subdivision of the statute.

The case of *State ex rel. Radisson Hotel v. District Court,* 143 Minn. 144, 172 N. W. 897, is not helpful, because the statute of the state of Minnesota, which the court was there construing, is very different from the statute here for consideration. In that state, it was simply provided that, if a deceased employee leave a "dependent orphan," there should be made to the orphan certain compensation.

Subdivision (a) (4) provides that,

"In the event a surviving spouse receiving monthly payments shall die leaving a child or children under the age of sixteen years, such child or children shall receive each the sum of twenty-five dollars ($25.00) per month until arriving at the age of sixteen years, but the total monthly payment shall not exceed seventy-five dollars ($75.00), and any deficit shall be deducted proportionately among the beneficiaries."

It will be observed that under this subdivision, if there is a surviving spouse receiving monthly payments and that spouse shall die, then the child or children shall be compensated as therein provided for, which is the same compensation as provided for in subd. (a) (2) where the workman leaves no wife or

husband. Whether compensation can be allowed under subd. (a) (4) depends upon whether the surviving spouse receiving monthly payments "shall die."

In this case, the widow of the deceased and the mother of the children had not died. It is true that she placed them in the children's home, executed a release to them, and authorized their adoption. But this is not death, within the meaning of the statute. The word "die," when applied to a human being, has a definite meaning. It is in no sense ambiguous, and there is no room for construction. Before it could be held that the mother of the children had died, it would be necessary to write into the statute something that the legislature did not place there, and this the court cannot do.

The judgment will be affirmed.

MILLARD, C. J., BLAKE, GERAGHTY, and STEINERT, JJ., concur.