[No. 1000-2.    Division Two.    January 18, 1974.]

JOYCE EYLE, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*J. R. Sherrard,* for appellant.

*Slade Gorton, Attorney General,* and *Michael J. Welch* and *David W. Robinson, Assistants,* for respondent.

PETRIE, J.—This is a workmen's compensation case in which we are asked to decide whether the children of a deceased workman should receive benefits as orphan children under the provisions of RCW 51.32.050(3) or in the lesser amounts as provided under RCW 51.32.050(2).[1] We hold that the children were orphans under the workmen's

---

[1] At the time of the injury herein, RCW 51.32.050(2) and (3), as

compensation act at the time of their father's death and should receive benefits provided by subsection (3) of RCW 51.32.050.

The stipulated facts establish that Raymond C. Eyle sustained an industrial injury on May 21, 1969, as a result of which he died on July 10, 1969. Raymond and Radine Eyle were married on April 28, 1963. Five children were born of that marriage. Radine Eyle, the natural mother of these children, was alive when Mr. Eyle died and was not divorced from him at that time. There has been no stipulation nor determination by the Board of Industrial Insurance Appeals whether or not Radine Eyle was a beneficiary under the workmen's compensation act at the time Mr. Eyle died.[2] Clearly, however, the trial court determined

---

amended by chapter 122, section 1, Laws of 1965, 1st Ex. Sess., provided:

"(2) *If the workman leaves a widow* or invalid widower, a monthly payment of one hundred forty dollars shall be made throughout the life of the surviving spouse, to cease at the end of the month in which remarriage occurs, *and the surviving spouse shall also receive* per month *for each child* of the deceased at the time any monthly payment is due the following payments: For the youngest or only child, thirty-seven dollars, for the next or second youngest child, thirty-one dollars, and for each additional child, twenty-three dollars, but the total monthly payments shall not exceed two hundred seventy-seven dollars *and any deficit shall be deducted proportionately among the beneficiaries.* In addition to the monthly payments above provided for, a surviving widow, or invalid widower, or dependent parent or parents, if there is no surviving widow or invalid widower of any such deceased workman shall be forthwith paid the sum of six hundred dollars.

"Upon remarriage of a widow she shall receive, once and for all, a lump sum of two thousand dollars, and the monthly payments to such widow shall cease at the end of the month in which remarriage occurs, but the monthly payments for the child or children shall continue as before.

"(3) If the workman *leaves no wife* or husband, but an orphan child or children a monthly payment of seventy dollars shall be paid to each such child, but the total monthly payments shall not exceed three hundred fifty dollars *and any deficit shall be deducted proportionately among the beneficiaries.*" (Italics ours.)

[2]We are not advised that Radine Eyle ever filed a claim for benefits under the act. During his lifetime Raymond Eyle did file a claim and presumably was paid temporary total disability awards. We are not advised whether those payments were based upon his status as "un-

and the record supports a finding that Radine Eyle was disqualified from being considered a beneficiary under the act because of the provisions of RCW 51.08.020 which preclude a wife "living in a state of abandonment" from being classified as a beneficiary.

Under this factual pattern we must ascertain what the legislature meant when it enacted the two pertinent subsections of RCW 51.32.050.

We start with the general proposition that the overall statutory scheme of disability benefits under the workmen's compensation act in this jurisdiction, since its inception in 1911, has always been based upon the workman's conjugal status at the time of injury. In other words, the legislature establishes and from time to time revises a schedule of benefits payable to the workman or, in the event of his death, to his widow or other responsible party, based upon the size of the functional familial unit for which the workman has a societal responsibility.

Thus, in the case of death benefits, "If the workman leaves a widow . . ." a basic monthly payment is made to her prior to any remarriage, "and the surviving spouse shall *also* receive per month for each child of the deceased . . ." additionally designated payments subject to a statutory maximum award. (Italics ours.) In the event the functional familial unit is larger than that contemplated for the maximum award, and an apportionment must be made for one reason or another,[3] then the act provides that "any deficit shall be deducted proportionately *among the beneficiaries.*" (Italics ours.) RCW 51.32.050 (2). Accordingly, it seems clear to us that when this subsection speaks of the workman leaving a widow, it contemplates that there must be a widow who is entitled to benefits under the act. (We

married" or on his status as "the workman has a wife." *See* RCW 51.32.060 and .090.

[3]Typically, apportionment becomes necessary when the surviving spouse is *not* the children's parent. A "deficit" arises when six or more children of the deceased workman had not been in his custody at the time of his death.

note, incidentally, that the trial court reached this same conclusion.)

Correspondingly, when subsection (3) provides specified benefits "If the workman leaves no wife . . . but an orphan child . . ." the clear intent is that there be no wife who is entitled to benefits under the act. Our conclusion is supported by the historical fact that the benefit for each surviving child is, and always has been, considerably larger when the child is the statutorily designated *direct* beneficiary (because there is no adult beneficiary to whom the total award is normally paid) than when there is an adult beneficiary to whom the total award is normally paid.

The Department of Labor and Industries contends, however, that we are precluded from interpreting RCW 51.32.050 in this manner because of a prior opinion of the Supreme Court which has placed a literal interpretation upon the statute. *Stead v. Department of Labor & Indus.,* 188 Wash. 171, 61 P.2d 1307 (1936). We do not view the *Stead* opinion as being contradictory of our interpretation of the statute.

In *Stead,* a deceased workman left surviving him a widow and three minor children at the time of his death, all of whom became beneficiaries under the workmen's compensation act, pursuant to the forerunner of subsection (2) of RCW 51.32.050. *Subsequently,* the widow remarried, relinquished all her rights to custody of the children, and consented to their adoption. The children thereupon sought to receive compensation under subsection (3) of RCW 51.32.050. The court held that the children could not be considered orphans under the act at the time of their father's death because the deceased workman "left a wife, and, consequently, the children could not be regarded as orphans under this subdivision of the statute." *Stead v. Department of Labor & Indus., supra* at 174. The court also held that the mother's subsequent relinquishment of her right to custody and control and authorization for adoption did not qualify the children as beneficiaries under another subdivision (forerunner of subdivision (4) of RCW

51.32.050) which provided increased benefits " 'In the event a surviving spouse receiving [benefits] shall die leaving a child or children . . .' "

The court's holding in *Stead* is simply that a beneficiary's status is determined as of the time of the deceased workman's death and that *subsequent* relinquishment of rights to a child by a surviving spouse is not equivalent to death of that spouse. The court was not called upon to resolve the key issue involved in the case at bench.

Having determined that the fact their mother was alive and undivorced from their father does not preclude the children from receiving benefits under subsection (3), we pass now to a determination of whether or not the children are "orphans" within the meaning of the act—their father being dead and their mother having abandoned them *prior* to his death. The trial court concluded that the opinion in *Stead* precluded it from concluding that the children were orphans under the act. Again, we find the *Stead* opinion no obstacle. It was the mother's act of relinquishment *subsequent* to death of the workman which precluded their receipt of increased benefits. The status of persons at the time of the workman's death is determinative of their right to be classified as beneficiaries under the act. *McKay v. Department of Labor & Indus.*, 180 Wash. 191, 39 P.2d 997, 98 A.L.R. 990 (1934).

This jurisdiction is committed to the rule that the workmen's compensation act is remedial and its beneficial purposes should be liberally construed in favor of beneficiaries. *Powell v. Department of Labor & Indus.*, 79 Wn.2d 378, 485 P.2d 990 (1971). Our attention has not been directed to any statutory or judicially asserted definition of the term "orphan" in this jurisdiction. This jurisdiction has noted, however, that the courts have not always been in accord as to when a child will be classified as an orphan. *Stead v. Department of Labor & Indus., supra.* It is neither necessary nor desirable for us to scan the opinions and statutes of other jurisdictions for any enlightenment on the question. We think it would be unconscionable, after the

454

legislature has declared "a husband or wife of an injured workman, living in a state of abandonment for more than one year at the time of the injury or subsequently, shall not be a beneficiary" (RCW 51.08.020), to declare that the children of such an abandoning spouse should be considered other than orphans after the death of the parent who has cared for them.

We have no hesitancy in declaring, therefore, for purposes of the workmen's compensation act, when one parent has died as a result of an industrial injury and the other parent has abandoned him prior to the date of the workman's death, the child is an orphan entitled to benefits under the provisions of subsection (3) of RCW 51.32.050. We note, incidentally, that this interpretation of the act is consistent with that portion of subsection (6) of the same statute, which provides the same increased benefits to a child or children after the death of a workman "during the period of permanent total disability, whatever the cause of death," and "if such child is or shall be *without father or mother*, . . ." (Italics ours.) RCW 51.32.050(6).

Judgment reversed with direction to provide benefits to the deceased workman's children in accordance herewith.

PEARSON, C.J., and ARMSTRONG, J., concur.