[No. 15645-1-III.    Division Three.    July 22, 1997.]

THE DEPARTMENT OF LABOR & INDUSTRIES, *Appellant,*
v. ROY FREEMAN, *Respondent.*

*Christine O. Gregoire, Attorney General,* and *Lesley A. Allan, Assistant,* for appellant.

*George J. Schwab II* and *Calbom & Schwab, P.S.C.,* for respondent.

Kurtz, J. — Roy Freeman was injured in an industrial accident on June 20, 1989, but died of unrelated causes while his workers' compensation claim file was still open. After Mr. Freeman's death, the Department of Labor and Industries (the Department) determined Mr. Freeman had been totally and permanently disabled as a result of the industrial accident and paid pension benefits to Mrs. Freeman pursuant to option II of RCW 51.32.067. Following Mrs. Freeman's protest, the Board of Industrial Insurance

Appeals (the Board) found in her favor and ordered the Department to calculate the benefits pursuant to RCW 51.32.050(2)-(4). The Department appealed to superior court which upheld the Board's decision and granted summary judgment in favor of Mrs. Freeman. The Department appeals contending the benefits should be calculated under option II as this would give effect to the legislative intent of both RCW 51.32.050 and RCW 51.32.067. We agree with the Department and reverse.

## FACTS

On June 20, 1989, Roy Freeman sustained an industrial injury in the course of his employment with the municipality of Royal City. On June 23, Mr. Freeman filed an application for workers' compensation benefits with the Department. The Department entered an order allowing the claim on July 21. On February 4, 1992, while his workers' compensation claim was still open, Mr. Freeman died from a cause unrelated to the industrial injury. At the time of his death, Mr. Freeman was married to Juanita Freeman.

On March 13, 1992, Mrs. Freeman filed a claim for benefits as the surviving spouse of Mr. Freeman. Mr. Freeman was on time loss as a temporarily totally disabled worker through February 3. On June 25, the Department issued an order determining that he had a permanent partial disability as of the date of his death. The Department denied Mrs. Freeman's application for spousal benefits. On July 27, Mrs. Freeman filed a notice of appeal with the Board from the Department's order. The Board reversed the Department's order and remanded the case to the Department with instructions to allow Mrs. Freeman's application for spousal benefits.

The Department subsequently issued an order on November 23, 1993, determining that Mr. Freeman died of causes unrelated to the industrial accident but that he was permanently disabled as a result of the covered injury

at the time of his death. This order also approved the payment of spousal benefits to Mrs. Freeman and nullified the Department's earlier order which awarded a permanent partial disability award to Mr. Freeman. The Department calculated the benefits to be paid to Mrs. Freeman under option II of RCW 51.32.067, even though Mr. Freeman had never made an election under RCW 51.32.067 and Mrs. Freeman did not consent to the election made by the Department.

On December 20, Mrs. Freeman filed a protest and request for reconsideration of the Department's order regarding the calculation of her benefits. On February 16, 1994, the Department affirmed its order of November 23, 1993. On February 25, Mrs. Freeman filed a notice of appeal with the Board. The Board found in favor of Mrs. Freeman and ordered the Department to calculate Mrs. Freeman's pension benefits pursuant to RCW 51.32.050(2)-(4). The Department appealed the Board's decision to superior court which granted summary judgment in favor of Mrs. Freeman.

■ The sole issue on appeal is whether spousal pension benefits should be calculated pursuant to RCW 51.32.050(2)-(4) or RCW 51.32.067. Upon appeal to superior court, the standard of review of the Board's findings of fact and conclusions of law is de novo. RCW 51.52.115; *Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993). Similarly, on appeal of an order of summary judgment where there are no disputed facts and the issue is a question of law, the standard of review is de novo. *Id.* The Board's findings and conclusions are prima facie correct and the burden of proof is on the party attacking them. RCW 51.52.115.

The Department contends the facts of this case do not fit under the provisions of either RCW 51.32.050(2)-(4) or RCW 51.32.067 and the court must apply the rules of statutory construction to determine the legislative intent behind the 1986 amendments which added the provisions of RCW 51.32.067. The Department contends intervention

by the courts is triggered by the ambiguity created by the statute's silence as to how spousal benefits should be calculated where an election has not taken place as required under RCW 51.32.067. According to the Department, the amendments articulate a legislative intent to establish two distinct compensation schemes for calculating spousal benefits. The options set forth in RCW 51.32.067 control the calculation of spousal benefits for all claims filed on or after July 1, 1986, where the worker's death was unrelated to the injury. The provisions of RCW 51.32.050(2)-(4) apply only to claims filed prior to July 1, 1986. The Department contends it may make a constructive election on behalf of the spouse where the worker died prior to making an election himself.

Mrs. Freeman contends there is no ambiguity in the statutory scheme which authorizes the courts to intervene in the way advocated by the Department. She believes the clear mandate of the statute requires that three separate criteria be met before the benefit calculations of RCW 51.32.067 are applicable. First, the claim must have been filed on or after July 1, 1986. Second, the worker must have become eligible for permanent total disability benefits during his or her lifetime. Third, the worker must have made an election in writing as provided under the statute. Consequently, unless the worker is declared permanently and totally disabled prior to death and has made an election under RCW 51.32.067, the provisions of that statute do not apply. Mrs. Freeman contends the courts do not have the authority to rewrite the statutory provisions where the language of the statute is clear and unambiguous.

Generally, the surviving spouse of a deceased worker is entitled to a monthly pension benefit if the worker was permanently and totally disabled at the time of death or if the injury caused the death. RCW 51.32.050(2), (6), (7); RCW 51.32.067. Prior to July 1, 1986, the cause of the worker's death did not affect the amount of the benefits provided to the surviving spouse. Under the prior compen-

sation scheme, the spouse received essentially the same benefits the worker had been receiving prior to death. In 1986, the Legislature amended RCW 51.32.067 to differentiate between the benefits available to surviving spouses depending on the cause of the worker's death and the date of the worker's original claim. As amended, RCW 51.32.050(6) reads in part as follows:

> For claims filed prior to July 1, 1986, if the injured worker dies during the period of permanent total disability, whatever the cause of death, leaving a surviving spouse, or child, or children, the surviving spouse or child or children shall receive benefits as if death resulted from the injury as provided in subsections (2) through (4) of this section.

Under this plan, the Legislature left intact the prior compensation scheme for claims filed prior to July 1, 1986. With regard to claims filed on or after July 1, 1986, the Legislature added a new RCW 51.32.050(7) which provided:

> For claims filed on or after July 1, 1986, every worker who becomes eligible for permanent total disability benefits shall elect an option as provided in RCW 51.32.067.

The options available under RCW 51.32.067 are as follows:

> (1) After a worker elects one of the options in (a), (b), or (c) of this subsection, that option shall apply only if the worker dies during a period of permanent total disability from a cause unrelated to the injury, leaving a surviving spouse, child, children, or other dependent. If, after making an election under this subsection, a worker dies from a cause related to the injury during a period of permanent total disability, his or her beneficiaries shall receive benefits under RCW 51.32.050(2) through (5).

> (a) **Option I.** An injured worker selecting this option shall receive the benefits provided by RCW 51.32.060, with no benefits being paid to the worker's surviving spouse, children, or others.

> (b) **Option II.** An injured worker selecting this option shall receive an actuarially reduced benefit which upon death shall be continued throughout the life of and paid to the surviving

spouse, child, or other dependent as the worker has nominated by written designation duly executed and filed with the department.

(c) **Option III**. An injured worker selecting this option shall receive an actuarially reduced benefit and, upon death, one-half of the reduced benefit shall be continued throughout the life of and paid to the surviving spouse, child, or other dependent as the worker has nominated by written designation duly executed and filed with the department.

(2) The worker shall make the election in writing and the worker's spouse, if any, shall consent in writing as a prerequisite to the election of Option I.

(3) The department shall adopt such rules as may be necessary to implement this section.

In short, RCW 51.32.067 significantly changed the compensation of pension benefits for a surviving spouse for claims filed on or after July 1, 1986. In cases where RCW 51.32.067 applies, the surviving spouse no longer receives the unreduced pension provided for in RCW 51.32.050(2)-(4), but instead receives benefits which have been actuarially reduced depending on the option elected by the worker.

Mr. Freeman's claim was filed after July 1, 1986, but at the time of his death there had been no determination as to whether or not he was permanently disabled and, consequently, Mr. Freeman made no election under the provisions of RCW 51.32.067. The Department contends it is able to make this election on Mr. Freeman's behalf. The Department has elected to pay Mrs. Freeman benefits under option II although Mrs. Freeman contends she herself would have elected a different option.

The question to be resolved is whether the terms of RCW 51.32.050 or RCW 51.32.067 apply to a fact situation that is not covered under the language of either statutory provision. If a statute is unambiguous, the meaning of the statute must be derived solely from the language of the statute. *In re Eaton*, 110 Wn.2d 892, 898, 757 P.2d 961

(1988). When interpreting a statute, courts give effect to the plain meaning of the language of the statute. *Higgins v. Stafford*, 123 Wn.2d 160, 165, 866 P.2d 31 (1994). The courts will add language to a statute only where the omission creates "a contradiction in the statute that rendered the statute absurd and undermined its sole purpose." *State v. Hennings*, 129 Wn.2d 512, 524, 919 P.2d 580 (1996).

The language of RCW 51.32.050(7) and RCW 51.32.067 is clear and unambiguous. However, neither statute is applicable on its face to these facts. If applied literally, Mrs. Freeman would receive no benefits. In construing statutes, our objective is to ascertain the legislative intent as expressed in the statute. *Martin v. Meier*, 111 Wn.2d 471, 479, 760 P.2d 925 (1988). We recognize that the Industrial Insurance Act is remedial in nature and is to be liberally construed to achieve its purpose. *Black v. Department of Labor & Indus.*, 131 Wn.2d 547, 933 P.2d 1025 (1997). Statutes should be construed to effect their purpose and to avoid unlikely, absurd, or strained results. *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987). "Whenever possible, courts should avoid a statutory construction which nullifies, voids, or renders meaningless or superfluous any section or words." *Nisqually Delta Ass'n v. City of DuPont*, 95 Wn.2d 563, 568, 627 P.2d 956 (1981).

After a careful examination of RCW 51.32.050 and RCW 51.32.067, we conclude that the primary intent of the Legislature in amending the prior statutory scheme was to establish two distinct compensation schemes for calculating spousal benefits based on whether the claim was filed before July 1, 1986, or after June 30, 1986. We conclude that the options set forth in RCW 51.32.067 were included in the scheme by the Legislature as an accommodation to the worker. While the options described in RCW 51.32.067 offer distinct choices to the worker, the mere inclusion of these options as part of the statutory scheme does not detract from the Legislature's larger goal: to design two separate schemes for calculating spousal

benefits based on the date the claim was filed. We, therefore, reverse the decision of the trial court and permit the Department to elect option II on Mrs. Freeman's behalf, as the application of this option permits Mrs. Freeman to receive benefits, avoids nullification of the scheme contemplated by the Legislature, and maximizes Mrs. Freeman's benefits under RCW 51.32.067.

SCHULTHEIS, A.C.J., and THOMPSON, J., concur.

Review denied at 134 Wn.2d 1011 (1998).