# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

ALOYS R. WEGLEITNER (DEC'D),    )
                        )    No. 72763-0-I
         Appellant,      )
                        )    DIVISION ONE
        v.                )
                        )
DEPARTMENT OF LABOR &     )
INDUSTRIES, STATE OF       )
WASHINGTON, and PATRICK  )    UNPUBLISHED OPINION
BORING,                 )
                        )
        Respondent.     )    FILED: <u>March 9, 2015</u>

SPEARMAN, C.J. — Janice Wegleitner, the beneficiary and surviving spouse of Aloys R. Wegleitner, appeals a superior court order granting the Department of Labor and Industries' motion for summary judgment and affirming the denial of survivor benefits under RCW 51.32.050. Finding no error, we affirm.

## FACTS

Aloys Wegleitner sustained an industrial injury while doing landscaping work on July 19, 2004. He filed a claim with the Washington State Department of Labor and Industries (Department), and received benefits for treatment and time loss compensation. He stopped working in September 2004 and continued receiving benefits until June 2005.

During this time, Wegleitner was diagnosed with lung cancer, which had metastasized to his spine and rib cage. Wegleitner filed a second claim with the Department for occupational disease.[1] On June 3, 2005, the Department issued an order closing Wegleitner's industrial injury claim, finding that "treatment is no longer necessary and there [is] no permanent partial disability." Clerk's Papers (CP) at 522. The order informed Wegleitner that it would "become[] final 60 days from the date it [was] communicated to [him]" unless he filed a written request for reconsideration with the Department or filed a written appeal with the Board of Industrial Insurance Appeals (Board). Id. The Department has no record of Wegleitner filing a request for reconsideration with the Department or a written appeal to the Board within the sixty-day period.[2]

Wegleitner passed away from lung cancer on September 30, 2005. His wife, Janice Wegleitner, filed a claim for survivor benefits under the industrial injury claim. The Department denied the claim on April 12, 2006, because the "cause of death was not related to the injury or the disease covered under this claim and the worker was not totally permanently disabled because of the condition(s) covered under this claim." CP at 35. Mrs. Wegleitner appealed the denial to the Board. In August 2006 the parties filed an order on agreement that stipulated that the Board had jurisdiction to hear the appeal, reversed the April 12, 2006 orders, and remanded the claims to the Department.

---

[1] Wegleitner's claim for occupational disease is not part of this appeal.

[2] Mrs. Wegleitner claims that the Department received a protest to this order on June 18, 2005, based on an entry in the claim's jurisdictional history. The entry has since been corrected to reflect the correct date that Mrs. Wegleitner filed her claim for survivor's benefits, October 18, 2005.

On December 9, 2008, the Department affirmed the April 12 order. Mrs. Wegleitner appealed to the Board again. At the hearing on August 25, 2009, the Board heard testimony from Mrs. Wegleitner and orthopedic surgeon, Dr. H. Richard Johnson. Dr. Johnson testified that he reviewed Wegleitner's medical records and that based on his review, Wegleitner "had arrived at a maximum medical improvement" in February 2005. CP at 337. He also testified that "from January or February 2005 until the closure date in early June of 2005, [Wegleitner's] persistent midback pain precluded him from returning to work at any level on a regular continuous basis," and that "he met the criteria for the state of Washington for permanent and total disability." CP at 341-42. Dr. Johnson did not provide any testimony about Wegleitner's condition from June 3, 2005 to September 30, 2005.

The Board dismissed Mrs. Wegleitner's appeal on October 29, 2009. In its dismissal, the Board stated that in order to receive any survivor's benefits from this claim, Mrs. Wegleitner was required to "prove that the industrial injury was a proximate cause of his death," or to "show that at the time of his death he had reached maximum medial improvement and was permanently and totally disabled because of the injury." CP at 30. The Board found that "no evidence was presented to demonstrate that [Wegleitner's] death was proximately caused by the July 19, 2004 industrial injury." CP at 32. With regard to the alternate basis for survivor's benefits, the Board found that permanent and total disability could not be proven by the beneficiary, because the June 3, 2005 order "became final

3

as to the extent of Mr. Wegleitner's disability at the time of his September 30, 2005 death." CP at 33.

Mrs. Wegleitner filed a petition for review of the Board's decision and a subsequent appeal to the Pierce County Superior Court. On April 22, 2011, Judge Bryan Chushcoff found that the Board's dismissal was "improper and was based on an incorrect reading of the law and the facts," and remanded for a de novo hearing.[3] CP at 11. In his oral ruling, Judge Chushcoff indicated that the Department was not precluded from arguing the res judicata effect of the June 3, 2005 order, but that any such effect would not prevent Mrs. Wegleitner from presenting evidence of total and permanent disability at the time of Wegleitner's death, resulting from the industrial injury.

The Board heard additional testimony from Mrs. Wegleitner and Dr. Johnson, along with testimony from vocational counselor Carl Gann, radiation oncologist, Dr. Michael McDonough, and Department Adjudicator, Robert Frost. Mrs. Wegleitner testified that in 2005, her husband's condition was "really severe," and that he "couldn't do anything once the cancer set him." CP at 389. She also testified that he had pain from head to toe and that she noticed some difference in his complaints with the cancer around June 2005. This time Dr. Johnson testified that Wegleitner was "not capable of employment on a regular continuous basis even at a sedentary level in early 2005," and that those

---

[3] Mrs. Wegleitner claims that the Superior Court's decision was based on "the doctrine of judicial estoppel." Br. of Appellant at 11. While the trial court's oral ruling contained considerable discussion about the doctrine, it remanded the case for a hearing de novo because it found that the entry of the June 3, 2005 order did not preclude Mrs. Wegleitner's claim for benefits. The court did not rule that the Department was estopped from claiming that the June 3, 2005 order was final.

4

limitations did not "change any up until the time of his death on September 30th, 05." CP at 461-462. Mr. Gann also testified that if Wegleitner's medical condition and the residuals from his industrial injury remained the same from February 2005, up to the time of the closing of his claim on June 3, 2005, he "would not be employable." CP 502. Additionally, Mr. Gann testified that if the limitations had persisted, Wegleitner would have been unemployable, permanently, at the time of his death on September 30, 2005.

The Board found that the testimony of Dr. Johnson and Mr. Gann "was not convincing," because they had "never personally evaluated Mr. Wegleitner and only did a records review." CP at 128. In particular, "neither of them adequately explained how they could distinguish between Mr. Wegleitner's cancer-related spine problems and the residuals of his industrial injury." Id. On April 9, 2012, the Board affirmed the 2008 order, finding that Wegleitner's July 19, 2004 industrial injury "was not a proximate cause of disability that prevented him from performing or obtaining gainful employment on a reasonably continuous basis as of the time of his death in September 2005." CP at 131. Additionally, the Board found that Mrs. Wegleitner "did not present objective evidence of worsening of Mr. Wegleitner's condition proximately caused by his industrial injury between June 3, 2005 and the date of his death on September 30, 2005." Id. After Mrs. Wegleitner's petition for review was denied, the Board issued its decision and order on July 9, 2012.

Mrs. Wegleitner appealed the Board's decision to the Pierce County Superior Court. The parties filed cross-motions for summary judgment in which

each asserted that there were no material issues of fact in dispute. The trial court reviewed the record and concluded that the Department was therefore entitled to judgment as a matter of law. Mrs. Wegleitner appeals.

## DISCUSSION

We review a lower court's grant of summary judgment de novo, viewing the facts and reasonable inferences in the light most favorable to the nonmoving party. Pearson v. State, Dep't. of Labor & Indus, 164 Wn. App. 426, 431, 262 P.3d 837 (2011). Summary judgment is proper if there is no genuine issue of material fact and the evidence fails to establish the existence of an essential element of the plaintiff's case. Knight v. Dep't. of Labor & Indus., 181 Wn. App. 788, 795-6, 321 P.3d 1275 (2014), review denied, __ Wn.2d __, 339 P.3d (2015).

At the outset, Mrs. Wegleitner argues that the trial court erred when it found that the June 3, 2005 precluded her from bringing her claim for survivor's benefits. She argues that order has no effect on her ability to seek survivor's benefits, because her claim is separate and distinct from her husband's industrial injury claim. The Department does not dispute that she has the ability to bring a claim for benefits, but maintains that the order is res judicata as to the extent of the injury.

We agree with the Department. The trial court's order did not preclude Mrs. Wegleitner's claim for benefits. The court found that the June 3, 2005 order was final and binding, subjecting her claim to the Department's assessment of the extent of Wegleitner's injury as of that date. It is undisputed that Wegleitner did not file a request to reconsider or a written appeal within the sixty-day period

designated under RCW 51.52.060(1). As a result, the decision became final, the case was closed, and the finding of no permanent disability became res judicata to the extent of the injury. See White v. Dep't. of Labor & Indus., 48 Wn.2d 413, 414, 293 P.2d 764 (1956). Mrs. Wegleitner is therefore bound by the law of the case, and she cannot challenge that finding after failing to file a timely appeal.

Mrs. Wegleitner argues that it would be inequitable to uphold the order's res judicata effect in this case, because the circumstances surrounding the June 3, 2005 order prevented her from filing an appeal. She also argues that she is entitled to equitable relief because she diligently pursued her rights by filing a timely claim for survivor's benefits. The Department argues that Mrs. Wegleitner cannot raise this argument for the first time on appeal, and that she fails to meet the requirements for equitable relief.

An appellate court has the ability to exercise its equitable power to relieve a party from the effect of res judicata in workers' compensation cases. Dep't. of Labor & Indus. v. Fields Corp., 112 Wn. App. 450, 460, 45 P.3d 1121 (2002). A claimant may be entitled to equitable relief when (1) circumstances excused the failure to appeal before the time for appeal expired; and (2) the claimant diligently pursued his or her rights after the time for appeal expired. Id.; Rabey v. Dep't. of Labor & Indus., 101 Wn. App. 390, 3 P.3d 217 (2000).

Under RAP 2.5, however, an appellate court may refuse to review any claim of error which was not raised in the trial court. Mrs. Wegleitner failed to ask the trial court, sitting in an appellate capacity, to exercise its equitable powers. She also did not raise the argument in her petition for review of the Board's

decision. Under RCW 51.52.104, a petition for review must set forth in detail the grounds for the review and the filing party "shall be deemed to have waived all objections or irregularities not specifically set forth therein." While the Board has very limited ability to apply equitable principles to relieve a party from a final order, it may by stare decisis apply those equitable principles determined by appellate courts, to fact situations comparable to cases where the courts have exercised their equitable powers. See In re Robert Trevino, No. 01 22676, 2002 WL 31959091, at *2 (Wash. Bd. of Indus. Appeals Nov. 7, 2002), quoting In re Seth Jackson, No. 61,088, 1982 WL 591170 (Wash. Bd. of Indus. Appeals Nov. 30,1982).[4] Because Mrs. Wegleitner failed to raise her equitable argument before the Board or the trial court, we decline to consider it on appeal.

Mrs. Wegleitner next argues that she met her burden under RCW 51.32.050, and is entitled to survivor's benefits. According to her, the medical testimony established a prima facie case that was unrebutted by the Department. The Department argues that she failed to obtain a permanent total disability finding, because the June 3, 2005 order finding Wegleitner to have no permanent partial disability was final. The Department argues that in order to overcome that finding, she was required to present evidence of objective worsening of her husband's injury-related condition, and she failed to do so.

Under the Industrial Insurance Act, a surviving spouse of a worker eligible for permanent total disability benefits may obtain benefits upon a worker's death, even if he or she dies from causes unrelated to the industrial injury. RCW

---

[4] Board decisions are not binding on this court but may be cited as persuasive authority. O'Keefe v. Dep't of Labor & Indus., 126 Wn. App. 760, 766, 109 P.3d 484 (2005).

51.32.050; RCW 51.32.067. These statutes allow a totally and permanently disabled worker to elect benefits for his or her spouse. If the worker's death is from a cause related to the injury, his or her spouse shall receive benefits under RCW 51.32.050(2) through (5). If, during the disability period, the worker dies from a cause unrelated to the injury, then the spouse may receive benefits under RCW 51.32.050(7) and RCW 51.32.067(1). The worker may choose to receive his or her full pension with no spousal award (with the spouse's written consent), or to set aside a portion for the surviving spouse. Id. If a worker has not made an election under RCW 51.32.067, the Department is permitted to select an option for the spouse. Dep't. of Labor & Indus. v. Freeman, 87 Wn. App. 90, 97-98, 940 P.2d 304 (1997).

An individual's eligibility for survivor's benefits is determined as of the time of the worker's death. Eyle v. Dep't. of Labor & Indus., 10 Wn. App. 449, 519 P.2d 1020 (1974). A spouse may file a separate claim for survivor benefits even if a case has been closed. See Dep't. of Labor & Indus. v. Shirley, 171 Wn. App. 870, 288 P.3d 390 (2012) review denied, 177 Wn.2d 1006, 300 P.3d 415 (2013).

Mrs. Wegleitner argues that the trial court applied the incorrect legal standard when it required her to prove objective worsening of her husband's condition due to the industrial injury. According to her, she was only required to show that Wegleitner was totally and permanently disabled at the time of his death, and that the industrial injury was a proximate cause of his total and permanent disability. Mrs. Wegleitner argues that even if she were required to show worsening, the testimony establishing total permanent disability was in and

of itself objective evidence of worsening that would entitle her to survivor benefits.

Mrs. Wegleitner is correct that she is required to show total permanent disability that was proximately caused by the industrial injury. RCW 51.32.067. But the statute also requires that she show that her husband died during a period of permanent total disability. Because the June 3. 2005 order was final, she must overcome the res judicata effect of the order's finding of no permanent partial disability. RCW 52.32.067 is silent with regard to the effect of such a final and binding closure order awarding no permanent disability to the worker. The Department urges the court to adopt the approach set forth in RCW 51.32.160(1). This statute allows a beneficiary, including a spouse, to obtain additional benefits from an already-closed claim if "aggravation, diminution, or termination of disability takes place." RCW 51.32.160; see also White, 48 Wn.2d at 414-5; Nagel v. Dep't. of Labor & Indus., 189 Wash. 631, 635-36, 66 P.2d 318 (1937). In order to demonstrate an "aggravation," the claimant must show "objective medical evidence of worsening." Eastwood v. Dep't of Labor & Indus., 152 Wn. App. 652, 654, 219 P.3d 711 (2009). [5]

While Mrs. Wegleitner provides no authority for an alternate standard, she asserts in her brief that the June 3, 2005 orders' res judicata effect does not extend to subsequent aggravation. But even by her own standard, Mrs.

---

[5] The Department cites two Board decisions, In re David Harvey, Dec'd., No. 941271, 1995 WL 327325, (Wash. Bd. of Indus. Ins. Appeals Apr. 9, 1996), and In re Lowery Pugh, Dec'd, No. 86 2693, 1989 WL 224965 (Wash. Bd. of Indus. Ins. Appeals Apr. 27,1989), where in order to determine the spouse's right to survivor benefits, the Department was required to find objective worsening of the condition related to the industrial injury since the last date of claim closure.

Wegleitner's claim fails because she offered no evidence that any aggravation of her husband's injury occurred after the June 3, 2005 order finding no permanent disability. Instead, the testimony offered on her behalf established that Wegleitner's condition, with respect to his industrial injury, remained the same from January or February of 2005, through closure of the claim on June 3, until his death in September 2005. Thus, in effect, Mrs. Wegleitner's proof controverts the Department's June 3 finding that Wegleitner was not totally and permanently disabled. But having failed to do so within the sixty days permitted by statute, she cannot challenge that finding now. We therefore affirm the trial court's order granting summary judgment in favor of the Department, and affirm the Board's order denying an award of benefits.

Affirmed.

WE CONCUR:

_Trickey, J._

_Spearman, C.J._

_Lau, J._

11