# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| JOHN T. SCOTT, DEC'D, | ) | No. 77862-5-I |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF LABOR & INDUSTRIES, STATE OF WASHINGTON, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | FILED: March 25, 2019 |
| | ) | |
| Respondent. | ) | |
| | ) | |

VERELLEN, J. — Under RCW 51.32.050(7), every worker who becomes eligible for permanent total disability benefits can elect one of three pension payment options under RCW 51.32.067. Option I provides a full monthly pension with no survivor benefits after the injured worker's death. Options II and III provide actuarially adjusted pension payments during the worker's lifetime and survivorship rights after the worker's death.

In 1992, the Department of Labor and Industries (the Department) determined John Scott was totally and permanently disabled and awarded him a pension. In response to a questionnaire from the Department, John accurately answered he did not have a spouse or dependents. John and Vera were married

in 1994.[1] After John passed away in 2015, Vera applied to the Department for survivor benefits.

Because John and Vera were not married when his pension went into effect, Option I was the only available option. And RCW 51.32.067 explicitly provides Option I does not include survivor benefits. Vera does not establish the Department had a duty to provide an election form or otherwise inform John that Options II and III would be available to him if he got married prior to the effective day of the pension. The trial court did not err when it determined Vera was not entitled to survivor benefits.

Therefore, we affirm.

## FACTS[2]

Vera is the surviving spouse of John Scott. Although John and Vera had lived together since the 1970s, they did not marry until 1994. In 1987, John suffered an industrial injury. On June 5, 1992, the Department determined John was totally and permanently disabled and awarded him a pension, effective June 28, 1992. In response to a questionnaire from the Department, John accurately answered he did not have a spouse or dependents. As a result, the Department enrolled John in Option I under RCW 51.32.067, a full monthly pension with no survivor benefits after the injured worker's death.

---

[1] For clarity, we refer to John Scott and Vera Scott by their first names.

[2] The parties do not dispute the underlying facts of this case. Both parties cite to the "Joint Stipulated Facts and Exhibits" filed before the Board of Industrial Appeals.

Vera and John remained married until 2015, when John died from natural causes, unrelated to his industrial injury. After John's death, Vera applied to the Department for survivor benefits. The Department denied her application because "Mr. Scott was placed on pension effective 06/28/1992, at the time he was placed on pension he was single and he was not eligible to elect an option under RCW 51.32.067; therefore, the surviving spouse is not eligible for benefits."[3]

Vera appealed the Department's decision to the Board of Industrial Appeals. The industrial appeals judge entered a proposed summary judgment order affirming the Department's denial of Vera's application for survivor benefits. Vera petitioned for review by the full three-member Board. The Board adopted the order of the industrial appeals judge and affirmed the Department's denial. Vera appealed to superior court. On November 17, 2017, the superior court adopted the Board's findings and affirmed the Board's decision to grant summary judgment.

Vera appeals.

## ANALYSIS

Vera argues the trial court erred when it determined she was not entitled to survivor benefits.

---

[3] Certified Board Record (CBR) at 104.

3

We review the decision of the trial court in an industrial insurance case, not the decision of the Board.[4] The trial court's ruling is subject to the ordinary civil appeal rules.[5] We review summary judgment motions de novo.[6] Summary judgment is appropriate if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law."[7]

Under RCW 51.32.050(7), "[f]or claims filed on or after July 1, 1986, every worker who becomes eligible for permanent total disability benefits shall elect an option as provided in RCW 51.32.067." RCW 51.32.067 provides three pension payment options.[8] Under Option I, "[a]n injured worker selecting this option shall receive the benefits provided by RCW 51.32.060, with no benefits being paid to the worker's surviving spouse, children, or others."[9] Options II and III provide actuarially adjusted pension payments during the injured worker's lifetime and survivor benefits after the worker's death.[10] Because Options II and III provide survivor benefits to an injured worker's spouse or dependents, the availability of

---

[4] Dillon v. Dep't of Labor & Indus., 186 Wn. App. 1, 6, 344 P.3d 1216 (2014) (citing Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 179-81, 210 P.3d 355 (2009); RCW 51.52.140).

[5] RCW 51.52.140.

[6] State Dep't of Labor and Indus. v. Freeman, 87 Wn. App. 90, 93, 940 P.2d 304 (1997).

[7] CR 56(c).

[8] RCW 51.32.067(1).

[9] RCW 51.32.067(1)(a).

[10] RCW 51.32.067(1)(b-c).

these options necessarily depends on an injured worker having a spouse or dependents.

After the Department awarded John a pension on June 5, 1992 and before the pension became effective on June 28, 1992, John accurately declared he did not have a spouse or dependents. As a result, the Department enrolled him in Option I, the only available option to an injured worker with no spouse or dependents. RCW 51.32.067 explicitly provides that Option I does not include survivor benefits.

Vera argues the Department had a duty to provide an election form or otherwise inform John that Options II and III would be available to him if he got married prior to the effective day of the pension. She relies on the Department's general authority to "[e]xercise all the powers and perform all the duties prescribed by law with respect to the administration of workers' compensation and medical aid in this state."[11] But she fails to provide any statutory authority imposing such a duty on the Department.

Vera also relies on the principle of liberal construction. Although we resolve doubts in favor of the worker when construing chapter 51.32 RCW, the liberal construction doctrine applies only when a court must construe an ambiguous statute.[12] Vera does not argue either RCW 51.32.050(7) or 51.32.067 is

---

[11] RCW 43.22.030(1).

[12] Raum v. City of Bellevue, 171 Wn. App. 124, 155, n.28, 286 P.3d 695 (2012).

ambiguous. And in State Department of Labor & Industries v. Freeman, Division Three of this court determined "[t]he language of RCW 51.32.050(7) and RCW 51.32.067 is clear and unambiguous."[13] [14]

Vera fails to establish the Department has a duty to counsel an injured worker about the effect of marriage prior to the effective date of the pension. Vera also fails to establish the Department has a duty to provide an election form to an injured worker when that worker has only one option available. At oral argument, Vera focused on the provision in RCW 51.32.050(7) that the worker "shall elect an option" and the provisions in the Insurance Services Policy Manual that "[t]he department will provide eligible injured workers with pension option information" and "[a]n injured worker . . . must select a pension option."[15] But the premise underlying these provisions is that the injured worker has multiple options available. If a claimant has no spouse or dependents at the time the pension becomes effective, there is no election for the claimant to make. And there is no authority that the Department, rather than the claimant or claimant's counsel,[16] must contemplate the potential for a change in that status in the few weeks before the effective date of the pension.

---

[13] 87 Wn. App. 90, 940 P.2d 304 (1997).

[14] Id. at 97.

[15] CBR at 111.

[16] See CBR at 25 (John was represented by counsel when he was awarded his pension in 1992).

It is undisputed that John and Vera were not married on or before the effective date of John's pension and that John had no dependents. Option I was the only "option." The Department was not required to engage in any counseling about potential changes in John's status before the effective date of his pension.

Vera asks this court to retroactively change her husband's enrollment to Option II and award her survivor benefits. RCW 51.32.067 provides that an injured worker may switch from Options II or III to Option I if the worker's spouse dies or the worker and the spouse enter into a dissolution of marriage.[17] But RCW 51.32.067 does not provide any authority for a change from Option I to Options II or III.

We conclude the trial court did not err when it determined Vera was not entitled to survivor benefits.

Therefore, we affirm.

WE CONCUR:

_____

_____

_____

---

[17] RCW 51.32.067(3)-(4).